Saul S. Street, J.
Petitioner, the Tabulating Card Company, Inc., moves for the determination of the value of its common stock held by respondents or for the appointment of an appraiser to determine the value of said stock. The answer of the respondents likewise requests that the court evaluate respondents’ stock or else appoint an appraiser for that purpose. Respondents have hitherto made written objection to an amendment of petitioner’s certificate of incorporation which eliminated preemptive rights of stockholders and have made written demand for payment for their stock pursuant to sections 38 and 21 of the Stock Corporation Law. Petitioner’s offer, pursuant to section 21 (supra) to pay respondents $8 per share for the latter’s stock, accompanied by a balance sheet and profit and loss statement purporting to comply with section 21, has not been accepted by respondents within the period prescribed in subdivision 3 of section 21. Petitioner is accordingly authorized by said subdivision to apply for a determination of the value of respondents ’ stock. Subdivision 4 of section 21 authorizes the court to determine the value or to appoint an appraiser to make the determination. The motion is accordingly granted to the extent of appointing an appraiser to determine the value of respondents’ common stock in petitioner corporation.
Petitioner also requests (1) a finding by the court that respondents’ failure to accept petitioner’s offer of $8 per share was arbitrary and vexatious and (2) an order, based upon such finding, excluding interest from any judgment entered in favor of respondents and assessing the costs and expenses of this proceeding against respondents. Such an order is authorized by subdivisions 4 and 5 of section 21 (supra) if the court should find that the action of respondents in failing to accept petitioner’s offer was ‘ ‘ arbitrary and vexatious or not in good faith.” These requests of petitioner are premature until the appraiser shall have determined the value of the stock, after *469 ‘ ‘ considering all relevant legal evidence which may he produced ” (see Stock Corporation Law, § 21, subd. 4) and the court shall have had an opportunity to determine the value of the stock and consider “ such other circumstances as the court may deem relevant ” (§ 21, subds. 4, 5). Subdivision 5 (supra) expressly provides that the court’s finding that the refusal to accept the corporation’s offer was arbitrary or vexatious must take into consideration “ the value of the stock as determined in the proceeding * * * and such other circumstances as the court may deem relevant” (italics supplied). The court is in no position, at this time, to decide whether respondents’ failure to accept petitioner’s offer was arbitrary, unreasonable, vexatious, or the result of bad faith.
Respondents ’ answer seeks a determination that only 3,000 of the 8,000 shares of common stock alleged in the petition to be outstanding were validly and properly issued. This is a matter to be determined by the appraiser, in the first instance, as a preliminary step in his determination of the value of respondents’ shares. The other relief prayed for in the answer must likewise await a motion to confirm, modify or reject the report which the appraiser will make.
The motion is accordingly granted only to the extent of appointing an appraiser and is otherwise denied.
Settle order.